LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO CANALES,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BAKERSFIELD; SEAN UNDERHILL; PATRICK MARA; ANDREW BORTON; SEAN WOESSNER; SERGEANT THATCHER; OFFICER LANTZ; OFFICER SALLEE; OFFICER NIELAND; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure— Detention, Arrest and Malicious Prosecution (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure— Excessive Force (42 U.S.C. § 1983)<br>3. Denial of Medical Care (42 U.S.C. § 1983)<br>4. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT FOR DAMAGES**

Plaintiff Reynaldo Canales, for his complaint against Defendants City of Bakersfield, Sean Underhill, Patrick Mara, Andrew Borton, Sean Woessner, Sergeant Thatcher, Officer Lantz, Officer Sallee, Officer Nieland and Does 1-10, inclusive, allege as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the February 23, 2010 encounter between the involved officers and Reynaldo Canales.

## PARTIES

2. At all relevant times, Reynaldo Canales ("CANALES") was an individual residing in the County of Kern, California.

3. At all relevant times, Defendant CITY OF BAKERSFIELD ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendants Sean Underhill ("UNDERHILL"), Patrick Mara ("MARA"), Andrew Borton ("BORTON"), Sean Woessner ("WOESSNER"), Sergeant Thatcher ("THATCHER"), Officer Lantz ("LANTZ"), Officer Sallee ("SALLEE"), Officer Nieland ("NIELAND") and DOES 1-4, who were CITY Police officers, DOES 5-6, who were CITY police officers supervisorial officers, and DOES 7-10, who were managerial, supervisorial, and policymaking employees of the CITY Police Department. On information and belief, at all relevant times, UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-10 were residents of County of Kern, California. UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND DOES 1-10 are sued in their individual capacity for damages only.

4. At all relevant times, Defendants UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

5. At all relevant times, Defendants UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-10 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

6. In doing the acts and failing and omitting to act as hereinafter described, Defendants UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-10 were acting on the implied and actual permission and consent of CITY.

7. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

8. The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

9. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Kern, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 10 of this Complaint with the same force and effect as if fully set forth herein.

12. On or about February 23, 2010, CANALES was at his home near 1002 7TH Street in the City of Bakersfield, California when he was approached by UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOE OFFICERS.

13. On information and belief, CANALES had not committed any crime. UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOE OFFICERS, who were CITY police officers, had neither reasonable suspicion to detain CANALES, nor probable cause to arrest him.

14. While at his home near 1002 7TH Street in the City of Bakersfield, California, UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOE OFFICERS detained and arrested CANALES without reasonable suspicion or probable cause and used objectively unreasonable and excessive amounts of force against him.

15. The excessive and unreasonable force used included, but is not limited to, punching, kicking, kneeing, pepper spraying, striking the plaintiff multiple times with a baton and tasering the plaintiff repeatedly.

16. As a result of the excessive and unreasonable force used against the plaintiff, he suffered serious physical and emotional injuries, including, but not limited to, multiple lacerations to his head and face, facial swelling and contusions throughout his body.

17. On information and belief, at the time CANALES was detained and unreasonable and excessive force was used against him, a reasonable officer in the position of UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOE OFFICERS would not believe that

1  CANALES posed an imminent threat of serious physical injury to anyone. Further,
2  there were several alternative means of responding to the situation.
3      18.   On information and belief, UNDERHILL, MARA, BORTON,
4  WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOE OFFICERS,
5  although having actual and constructive notice and knowledge of CANALES'
6  serious medical conditions, especially since he was bleeding profusely from his
7  head, disregarded his medical needs. As a direct result of UNDERHILL, MARA,
8  BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOE
9  OFFICERS use of force against CANALES and then failing to obtain appropriate
10 medical care for him, he experienced severe pain and suffering.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention, Arrest and Malicious Prosecution (42 U.S.C. § 1983)**

(Against Defendants UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4)

16     19.   Plaintiff repeats and realleges each and every allegation in paragraphs 1
17 through 18 of this Complaint with the same force and effect as if fully set forth
18 herein.
19     20.   Defendants UNDERHILL, MARA, BORTON, WOESSNER,
20 THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4 caused CANALES to
21 be detained and arrested in violation of his right to be secure in his person against
22 unreasonable searches and seizures as guaranteed to CANALES under the Fourth
23 Amendment to the United States Constitution and applied to state actors by the
24 Fourteenth Amendment.
25     21.   CANALES was detained without reasonable suspicion and arrested
26 without probable cause.
27     22.   Defendants UNDERHILL, MARA, BORTON, WOESSNER,
28 THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4 continued to violate

said rights by conspiring to and in fact improperly exerting pressure on the prosecutor, knowingly providing misinformation to the prosecutor, filing false police reports, giving false statements to investigators, giving false testimony in court, concealing exculpatory evidence, and otherwise engaging in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings.

23. Said legal proceedings were initiated despite the lack of probable cause.

24. CANALES' criminal charges all resulted in favorable termination (acquitted on all counts).

25. UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4 acted with malice or bad faith for the purpose of denying CANALES his constitutional rights.

26. As a result of the conduct of UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4, they are liable for CANALES' injuries, either because they were integral participants in the wrongful detention, arrest and malicious prosecution or because they failed to intervene to prevent these violations.

27. The conduct of UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of CANALES and therefore warrants the imposition of exemplary and punitive damages as to Defendants UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—**

**Excessive Force (42 U.S.C. § 1983)**

(Against Defendants UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4)

28. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 27 of this Complaint with the same force and effect as if fully set forth herein.

29. The unjustified use of force on CANALES by UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4, including, but not limited to, punching, kicking, kneeing, pepper spraying, striking the plaintiff multiple times with a baton and tasering the plaintiff repeatedly, deprived CANALES of his right to be secure in his person against unreasonable searches and seizures as guaranteed to CANALES under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

30. CANALES complied with UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4 and did not resist the officers. CANALES was not armed and at no time during the incident did he verbally threaten or attempt to punch, kick, or grab Defendants UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND or DOES 1-4.

31. As a result of the conduct of UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4, they are liable for CANALES' injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

32. The conduct of Defendants UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4 was

willful, wanton, malicious and done with a reckless disregard for the rights and safety of CANALES and therefore warrants the imposition of exemplary and punitive damages against them.

33. Accordingly, Defendants UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4 each are liable to CANALES for compensatory and punitive damages under 42 U.S.C. § 1983.

**THIRD CLAIM FOR RELIEF**

**Denial of Medical Care in Violation of the Fourth and Fourteenth Amendments**

**(42 U.S.C. § 1983)**

(Against Defendants UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4)

34. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 33 of this Complaint with the same force and effect as if fully set forth herein.

35. The Fourth Amendment to the U.S. Constitution, which is applied to state actors by the Fourteenth Amendment, guarantees all individuals the right to be free from unreasonable searches and seizure and from excessive force by law enforcement. The Fourth Amendment also requires the provision of medical care to persons who have been injured while being apprehended by law enforcement. The due process clause of the Fourteenth Amendment also guarantees pretrial detainees protection from deliberate indifference to their serious medical needs. A private right of action is afforded to individuals seeking redress for denial of medical care in violation of the Fourth and Fourteenth Amendment by 42 U.S.C. § 1983.

36. Defendants UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4 used excessive force against CANALES in the course of unlawfully detaining him, including, but not

1 | limited to, punching, kicking, kneeing, pepper spraying, striking the plaintiff
2 | multiple times with a baton and tasering the plaintiff repeatedly.

3 |     37.    CANALES complied with Defendants UNDERHILL, MARA,
4 | BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES
5 | 1-4 and did not resist the officers. CANALES was not armed and at no time during
6 | the incident did he verbally threaten or attempt to punch, kick, or grab Defendants
7 | UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE,
8 | NIELAND or DOES 1-4.

9 |     38.    CANALES requested medical aid and was denied despite his obvious
10 | injuries.

11 |     39.    Defendants UNDERHILL, MARA, BORTON, WOESSNER,
12 | THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4 did not immediately
13 | report the use of force, did not timely provide needed medical care and did not
14 | timely summon medical assistance for CANALES. Defendants UNDERHILL,
15 | MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND
16 | and DOES 1-4 had actual and constructive notice and knowledge of CANALES'
17 | serious medical condition, his injuries or a risk of serious harm, especially since he
18 | was bleeding profusely from his head, but purposefully disregarded his medical
19 | needs.

20 |     40.    As a result of the conduct of UNDERHILL, MARA, BORTON,
21 | WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4, they
22 | are liable for CANALES' injuries, either because they were integral participants in
23 | the denial of appropriate medical care , or because they failed to intervene to prevent
24 | these violations.

25 |     41.    Defendants UNDERHILL, MARA, BORTON, WOESSNER,
26 | THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4 acted with deliberate
27 | indifference and with purpose to harm CANALES that is unrelated to any legitimate
28 | law enforcement objective.

COMPLAINT FOR DAMAGES

42. The unjustified use of excessive and unreasonable force against CANALES and the wrongful denial of medical care by Defendants UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4 deprived CANALES of his right to be secure in his person against unreasonable searches and seizures and against excessive force as guaranteed to CANALES under the Fourth Amendment.  By their unjustified use of excessive and unreasonable force and wrongful denial of medical care to CANALES, Defendants UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4 also deprived CANALES of the right to medical care afforded to persons who have been injured while being apprehended by law enforcement and the protection from deliberate indifference to the serious medical needs of pretrial detainees – both of which are guaranteed by the Fourteenth Amendment.

43. Defendants UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4 knew that failure to provide timely medical treatment to CANALES could result in further significant injury or the unnecessary and wanton infliction of pain, especially since he was bleeding profusely from his head, but disregarded that serious medical need, causing him great bodily harm.

44. The conduct of Defendants UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4 was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of CANALES and therefore warrants the imposition of exemplary and punitive damages as to Defendants UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4.

## FOURTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants DOES 5-10 and CITY)

45. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

46. On and for some time prior to February 23, 2010 (and continuing to the present date) Defendants DOES 5-10, deprived CANALES of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    (a) Employing and retaining as police officers and other personnel, including UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4, who Defendants DOES 5-10, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department's policies;

    (b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other personnel, including UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4, who Defendants CITY knew or in the exercise of reasonable care

should have known had the aforementioned propensities and character traits;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4, who are Police Officers of CITY;

(d) By failing to discipline CITY Police Officers' conduct, including but not limited to, unlawful detention and excessive force;

(e) By ratifying the intentional misconduct of Defendants UNDERHILL, MARA, BORTON, WOESSNER, THATCHER, LANTZ, SALLEE, NIELAND and DOES 1-4, who are Police Officers of CITY;

(f) By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DOES 5-10, were done with a deliberate indifference to individuals' safety and rights; and

(g) By failing to properly investigate claims of unlawful detention and excessive force by CITY Police Officers.

47. By reason of the aforementioned policies and practices of Defendants DOES 5-10, CANALES was severely injured and subjected to pain and suffering.

48. Defendants DOES 5-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having

-12-

knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of CANALES, and other individuals similarly situated.

49. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 5-10, acted with an intentional, reckless, and callous disregard for the well-being of CANALES, and CANALES' constitutional rights. Defendants DOES 5-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

50. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOES 5-10, were affirmatively linked to and were a significantly influential force behind the injuries of CANALES.

51. Accordingly, Defendants DOES 5-10, each are liable to CANALES for compensatory damages under 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants City of Bakersfield, Sean Underhill, Patrick Mara, Andrew Borton, Sean Woessner, Sergeant Thatcher, Officer Lantz, Officer Sallee, Officer Nieland and Does 1-10, inclusive, as follows:

A. For compensatory damages under federal law, in the amount to be proven at trial;

B. For punitive damages against the individual defendants in an amount to be proven at trial;

C. For interest;

D. For reasonable costs of this suit and attorneys' fees; and

E. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: February 21, 2012          LAW OFFICES OF DALE K. GALIPO

By_____
Dale K. Galipo
Attorney for Plaintiff

-14-

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: February 21, 2012          LAW OFFICES OF DALE K. GALIPO

By _____
Dale K. Galipo
Attorney for Plaintiff

COMPLAINT FOR DAMAGES